# THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| PERRY GORDON, ) | |
|     Plaintiff, ) | |
| ) | |
| vs. ) | Case No.: |
| ) | |
| FRIENDS OF THE GARY PUBLIC LIBRARY INC. ) | |
| known as GARY PUBLIC LIBRARY, ) | |
| BOARD OF TRUSTEES OF FRIENDS OF THE GARY ) | |
| PUBLIC LIBRARY INC., DIANA MORROW, OTIS ) | |
| RICHARDSON, SADIE SHEFFIELD, MARYANN ) | |
| CANTY-REEDUS, TYRELL ANDERSON, ROBERT ) | |
| BUGGS, MARY FELTON, PAULA NALLS, ) | |
| FREDDIE McMILLION, SYLVESTER GREEN, ) | |
| Unknown Supervisors and Unknown Board Members, ) | |
|     Defendants. ) | |

## COMPLAINT

NOW COMES Plaintiff PERRY GORDON (hereinafter "GORDON"), by and through counsel, Robin Remley of the Law Office of Robin Remley LLC and for his Complaint against the Defendants, FRIENDS OF THE GARY PUBLIC LIBRARY INC. known as GARY PUBLIC LIBRARY (hereinafter "LIBRARY"), BOARD OF TRUSTEES OF FRIENDS OF THE GARY PUBLIC LIBRARY INC. (hereinafter "BOARD"), DIANA MORROW (hereinafter "MORROW"), OTIS RICHARDSON (hereinafter "RICHARDSON"), SADIE SHEFFIELD (hereinafter "SHEFFIELD"), MARYANN CANTY-REEDUS (hereinafter "CANTY-REEDUS"), TYRELL ANDERSON (hereinafter "ANDERSON"), ROBERT BUGGS (hereinafter "BUGGS"), MARY FELTON (hereinafter "FELTON"), PAULA NALLS (hereinafter "NALLS"), FREDDIE McMILLION (hereinafter "McMILLION"), SYLVESTER GREEN (hereinafter "GREEN"), Unknown Supervisors and Unknown Board Members, states as follows:

## I. Introduction

1. Plaintiff filed this action to redress violations by FRIENDS OF THE GARY PUBLIC LIBRARY INC. known as GARY PUBLIC LIBRARY , BOARD OF TRUSTEES OF FRIENDS OF THE GARY PUBLIC LIBRARY INC.,  DIANA MORROW, OTIS, SADIE SHEFFIELD , MARYANN CANTY-REEDUS, TYRELL ANDERSON, ROBERT  BUGGS, MARY FELTON, PAULA NALLS, FREDDIE McMILLION, SYLVESTER GREEN, Unknown Supervisors and Unknown Board Members,  of the Family and Medical Leave Act ("FMLA") (29 U.S.C. Sect. 2601 et seq.), ADA, ADAAA, and American with Disabilities Act and ADEA and in retaliation for complaining of these violations.

## II.  Jurisdiction and Venue

2. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contact with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice.

3. The United States District Court for the Northern District of Indiana has original subject matter jurisdiction, and venue is properly laid in this district because the claims arise under laws of the United States and all actions took place in the county of Lake, state of Indiana.

## III.   Parties/Background

4. Plaintiff PERRY GORDON ("GORDON) is a citizen of the United States, residing in the  County of Lake, State of Indiana.

5. Defendant FRIENDS OF THE GARY PUBLIC LIBRARY INC. known as GARY PUBLIC LIBRARY does business in County of Lake, State of Indiana and operates FRIENDS OF THE GARY PUBLIC LIBRARY INC. known as GARY PUBLIC LIBRARY Board of Trustees.

6. Defendant BOARD OF TRUSTEES OF FRIENDS OF THE GARY PUBLIC LIBRARY INC. known as GARY PUBLIC LIBRARY operates as GARY PUBLIC LIBRARY.

7. Defendant DIANA MARROW was a Library Director of FRIENDS OF THE GARY PUBLIC LIBRARY INC. known as GARY PUBLIC LIBRARY, and thus had authority and control over the hiring, firing and disciplining of GORDON; had knowledge, authority and/or control over employment decisions regarding GORDON; had knowledge, authority and/or control over approval/denial/management of his medical, short term disability and FMLA leaves as well as providing proper compliance with notifications and guidance pursuant to the FMLA and ADA/ADAAA; and had knowledge, authority and/or control over approval/denial/management of his medical, short term disability and FMLA leaves and any accommodations needed, as well as reinstatement upon return from FMLA leave.

8. Defendant FREDDIE McMILLION was a Supervisor of GORDON, and thus had authority and control over the hiring, firing and disciplining of GORDON; had knowledge, authority and/or control over employment decisions regarding GORDON; had knowledge, authority and/or control over approval/denial/management of his medical, short term disability and FMLA leaves as well as providing proper compliance with notifications and guidance pursuant to the FMLA and ADA/ADAAA; and had knowledge, authority and/or control over approval/denial/management of his medical, short term disability and FMLA leaves and any accommodations needed, as well as reinstatement upon return from FMLA leave.

9. Defendant SYLVESTER GREEN was a Supervisor of GORDON, and thus had authority and control over the hiring, firing and disciplining of GORDON; had knowledge, authority and/or control over employment decisions regarding GORDON; had knowledge, authority and/or control over approval/denial/management of his medical, short term disability and FMLA leaves as

well as providing proper compliance with notifications and guidance pursuant to the FMLA and ADA/ADAAA; and had knowledge, authority and/or control over approval/denial/management of his medical, short term disability and FMLA leaves and any accommodations needed, as well as reinstatement upon return from FMLA leave.

10. Defendant OTIS RICHARDSON was the President of the Board Trustees of FRIENDS OF THE GARY PUBLIC LIBRARY INC. known as GARY PUBLIC LIBRARY, and thus had authority and control over the hiring, firing and disciplining of GORDON; had knowledge, authority and/or control over employment decisions regarding GORDON; had knowledge, authority and/or control over approval/denial/management of his medical, short term disability and FMLA leaves as well as providing proper compliance with notifications and guidance pursuant to the FMLA and ADA/ADAAA; and had knowledge, authority and/or control over approval/denial/management of his medical, short term disability and FMLA leaves and any accommodations needed, as well as reinstatement upon return from FMLA leave.

11. Defendant SADIE SHEFFIELD was the Vice President of the Board Trustees of FRIENDS OF THE GARY PUBLIC LIBRARY INC. known as GARY PUBLIC LIBRARY, and thus had authority and control over the hiring, firing and disciplining of GORDON; had knowledge, authority and/or control over employment decisions regarding GORDON; had knowledge, authority and/or control over approval/denial/management of his medical, short term disability and FMLA leaves as well as providing proper compliance with notifications and guidance pursuant to the FMLA and ADA/ADAAA; and had knowledge, authority and/or control over approval/denial/management of his medical, short term disability and FMLA leaves and any accommodations needed, as well as reinstatement upon return from FMLA leave.

12. Defendant MARYANN CANTY-REEDUS was the Secretary of the Board Trustees of FRIENDS OF THE GARY PUBLIC LIBRARY INC. known as GARY PUBLIC LIBRARY, and thus had authority and control over the hiring, firing and disciplining of GORDON; had knowledge, authority and/or control over employment decisions regarding GORDON; had knowledge, authority and/or control over approval/denial/management of his medical, short term disability and FMLA leaves as well as providing proper compliance with notifications and guidance pursuant to the FMLA and ADA/ADAAA; and had knowledge, authority and/or control over approval/denial/management of his medical, short term disability and FMLA leaves and any accommodations needed, as well as reinstatement upon return from FMLA leave.

13. Defendant TYRELL ANDERSON was a Member of the Board Trustees of FRIENDS OF THE GARY PUBLIC LIBRARY INC. known as GARY PUBLIC LIBRARY, and thus had authority and control over the hiring, firing and disciplining of GORDON; had knowledge, authority and/or control over employment decisions regarding GORDON; had knowledge, authority and/or control over approval/denial/management of his medical, short term disability and FMLA leaves as well as providing proper compliance with notifications and guidance pursuant to the FMLA and ADA/ADAAA; and had knowledge, authority and/or control over approval/denial/management of his medical, short term disability and FMLA leaves and any accommodations needed, as well as reinstatement upon return from FMLA leave.

14. Defendant ROBERT BUGGS was a Member of the Board Trustees of FRIENDS OF THE GARY PUBLIC LIBRARY INC. known as GARY PUBLIC LIBRARY, and thus had authority and control over the hiring, firing and disciplining of GORDON; had knowledge, authority and/or control over employment decisions regarding GORDON; had knowledge, authority and/or control over approval/denial/management of his medical, short term disability and FMLA leaves as

well as providing proper compliance with notifications and guidance pursuant to the FMLA and ADA/ADAAA; and had knowledge, authority and/or control over approval/denial/management of his medical, short term disability and FMLA leaves and any accommodations needed, as well as reinstatement upon return from FMLA leave.

15. Defendant MARY FELTON was a Member of the Board Trustees of FRIENDS OF THE GARY PUBLIC LIBRARY INC. known as GARY PUBLIC LIBRARY, and thus had authority and control over the hiring, firing and disciplining of GORDON; had knowledge, authority and/or control over employment decisions regarding GORDON; had knowledge, authority and/or control over approval/denial/management of his medical, short term disability and FMLA leaves as well as providing proper compliance with notifications and guidance pursuant to the FMLA and ADA/ADAAA; and had knowledge, authority and/or control over approval/denial/management of his medical, short term disability and FMLA leaves and any accommodations needed, as well as reinstatement upon return from FMLA leave.

16. Defendant PAULA NALLS was a Member of the Board Trustees of FRIENDS OF THE GARY PUBLIC LIBRARY INC. known as GARY PUBLIC LIBRARY, and thus had authority and control over the hiring, firing and disciplining of GORDON; had knowledge, authority and/or control over employment decisions regarding GORDON; had knowledge, authority and/or control over approval/denial/management of his medical, short term disability and FMLA leaves as well as providing proper compliance with notifications and guidance pursuant to the FMLA and ADA/ADAAA; and had knowledge, authority and/or control over approval/denial/management of his medical, short term disability and FMLA leaves and any accommodations needed, as well as reinstatement upon return from FMLA leave.

17. Unknown Board Members of FRIENDS OF THE GARY PUBLIC LIBRARY INC. known as GARY PUBLIC LIBRARY, had authority and control over the hiring, firing and disciplining of GORDON; had knowledge, authority and/or control over employment decisions regarding GORDON; had knowledge, authority and/or control over approval/denial/management of his medical, short term disability and FMLA leaves as well as providing proper compliance with notifications and guidance pursuant to the FMLA and ADA/ADAAA; and had knowledge, authority and/or control over approval/denial/management of his medical, short term disability and FMLA leaves and any accommodations needed, as well as reinstatement upon return from FMLA leave.

18. Unknown Supervisors of of FRIENDS OF THE GARY PUBLIC LIBRARY INC. known as GARY PUBLIC LIBRARY, had authority and control over the hiring, firing and disciplining of GORDON; had knowledge, authority and/or control over employment decisions regarding GORDON; had knowledge, authority and/or control over approval/denial/management of his medical, short term disability and FMLA leaves as well as providing proper compliance with notifications and guidance pursuant to the FMLA and ADA/ADAAA; and had knowledge, authority and/or control over approval/denial/management of his medical, short term disability and FMLA leaves and any accommodations needed, as well as reinstatement upon return from FMLA leave.

## IV.  Factual Background

19. GORDON began working for FRIENDS OF THE GARY PUBLIC LIBRARY INC. known as GARY PUBLIC LIBRARY on September 12, 2010.

20. On or about October 2, 2014, GORDON became aware that his mother was gravely ill.  There were no other family members able to care for his mother, and thus, it was imperative that he care for her. In fact, GORDON lived with his mother to care for her.

21. The FMLA requires that employees give advance notice of a need for medical leave

for serious health condition or need to care for a family member with a serious health condition or as soon as practicable. In other words, advance notice is not always possible. GORDON gave notice of his need for leave as soon as he was able. The nature of his mother's condition was very seriously debilitating and substantially limited her major life activities, and he had an immediate need for leave to care for her. The FMLA does not require any "magic words" or use of the term "FMLA." It only requires that the individual give enough information to trigger notice of the need for leave. Here, GORDON provided that information.

22.     On October 2, 2014, GORDON filled out a Request for Leave of Absence form to care for his seriously ill Mother. This form was given to him by Mr. Freddie McMillion.

23.     At that time, Diane Morrow, Library Director, was on leave. Therefore, McMILLION was the acting director at that time, or was in charge, per se. In fact, it was Mr. McMILLION who typed up this form for GORDON. The form provided is not a Department of Labor FMLA form, and it contains limited information. Nevertheless, this was the only form ever provided to Gordon. Sylvester Green signed the form and recommended a six (6) month leave.

24.     GORDON requested leave as soon as practible.

25.     When GORDON filled out the leave form, he was then given an actual FMLA form designed by the Department of Labor. It was a certification form to be filled out by his mother's doctor. The form was appropriately filled out and returned to McMILLION. It contained very detailed information about his mother's condition.

26.     Once GORDON filled out his request for leave, Defendants failed to properly provide him with a notice of eligibility and his rights and responsibilities pursuant to the FMLA.

27.     GORDON was provided with form WH380-E "Certification of Healthcare Provider for Family Members Serious Health Condition (Family and Medical Leave Act)". Subsequently,

GORDON provided the completed form, completed by Dr. Agusti, to Defendants on or about October 6, 2014.

28. GORDON's leave was approved for a six (6) month leave of absence by Sylvester Gordon on October 8, 2014.

29. Subsequently, Supervisor Sylvester Gordon approved the leave dated October 8, 2014.

30. Furthermore, Defendants failed to provide with proper FLMA designation notice indicating whether or not his leave was approved or denied.

31. After approving the leave on October 8, 2014 Green and/or other Supervisors and Defendants retroactively created "Employee Action Reports" criticizing Gordon's work performance.

32. On October 28, 2014, for instance, Green signed such a form alleging violations which purportedly occurred on October 1, 2014, recommending a three (3) day suspension. This was signed by GREEN <u>well after</u> Gordon's leave was already granted.

33. The FMLA requires that employers provide employees with various notices, including a Notice of Rights and Responsibilities, an eligibility notice, and a designation notice indicating whether the leave is FMLA approved or not, among other things. GORDON was not provided with <u>any</u> of the appropriate notices. This is the employer's responsibility.

34. Further, the FMLA allows employees who have worked 1250 hours in the preceding 12 months to take up to 12 weeks of leave for their own serious health condition or to care for a family member with a serious health condition. The primary purpose of the FMLA is to protect the job of individuals in such circumstances. During the leave period, benefits must be protected (although employees may need to make premium payments) and the employee is to be restored to

the same or an equivalent job with equivalent pay, benefits, etc.  No employee is to suffer adverse job consequences for taking FMLA leave or exercising their FMLA rights.

35. On November 5, 2015, McMILLION sent a letter to GORDON regarding payment of insurance premiums during his leave, indicating McMillon's knowledge of his leave.

36. Approximately six (6) weeks of after GORDON's request for leave and five (5) weeks after his request was granted, on November 17, 2014 Diana Morrow, Library Director sent a letter to GORDON indicating that he was required to request FMLA leave with thirty (30) advanced notice.  However, the FMLA only requires that an individual notify an employer of the need for leave as soon as practicable.

37. In that same letter, MORROW indicated that GORDON did not give thirty (30) days notice and that his leave was not an emergency, and therefore his request for leave was retroactively <u>not</u> approved, and <u>was not</u> authorized. Thus GORDON's FMLA leave was retroactively denied.  At no time in the preceding 6 weeks did any of the Defendants ever indicate that GORDON's leave was not approved.

38. That same letter contained bogus information regarding GORDON's alleged insubordination. In that letter MORROW threatened GORDON if he did not appear on November 24, 2014, it would be considered resignation.

39. The letter also indicates that GORDON's leave was denied because he requested a two (2) year leave of absence, whereas the library will only grant up to one (1) year.  However, Defendants never indicated to GORDON what his eligibility was or was not.  Further, on the form signed by GREEN, GREEN authorized a six (6) month leave.

40. However, GORDON called MORROW and indicated he was with his mother at the hospital and could not come in on that date. In fact, at some point, GORDON's mother herself, in

her sickly condition and from the hospital, contacted MORROW and left voicemail regarding her own condition and the need for GORDON's care.

41.     On February 23, 2015, Ms. Morrow falsely indicated that <u>she</u> recommended GORDON's leave, but that the Board of Trustees refused her recommendation because GORDON did not follow proper library protocol.  However, Ms. Morrow was not ever acting as Library Director at the time GORDON filed for his leave.  It was Mr. Green that recommended and approved GORDON's leave.

42.     Although Defendants indicate GORDON was terminated for work violations and for disciplinary issues, non of the claimed disciplinary reports were signed by GORDON.

43.     Furthermore, Sylvester Green who approved GORDON's leave on October 8, 2014, did not even document an alleged October 1, 2014 violation until October 28, 2014.

44.     The library's policy provides as follows "Section 15.8 Illness Leave or Injury Leave" (notably which does not apply to family member illness or FMLA):

"....the employees shall notify the Director in writing of the intent to take leave except in case emergency and until provided or directed by a doctor's statement established and the need for such a leave.  The illness or injury leave may be granted for a period for up to one (1) year without pay or increments.

"....all requests for leave beyond accrued time shall be made in writing to the Director in time for consideration by library at a regular meeting.  The Director shall submit a recommendation to the library."  There is nothing in the policy that indicates the employee shall wait for board approval.  Nor is there anything that indicates a policy applying to FMLA leave.

45.     As stated above, GORDON did notify Defendants in writing of his need for leave, and did provide a doctor's certification establishing the need for such leave.  Furthermore,

consequently, Sylvester Green approved the leave.

46. The Defendants leave of absence policy with respect to Family and Medical Leave (FMLA) Section 5.8, elective May 24, 2008 provides as follows:

> 3. Medical leave
> a. Medical leave can be taken to care for an immediate family with a 'serious health condition' or for the employees own 'serious health condition'.   ...3b. 3a. 'Immediate family member' is defined in the act of a spouse, parent, son or daughter.
> 5. When a leave has been qualified as FMLA, the employee will be notified of his/her rights and responsibilities (See Appendix A form)...
> 8. Certification/re-certification A. B.  When an employee requests for leave to care for a family member, the employee must furnish a statement from the family member's healthcare provider certifying the condition, the necessity for employee's immediate family member, and the expected duration of required care.
> 9d. ....when an employee requests family leave or leave for a **planned medical treatment**, the employee must give thirty (30) days notice of the date of leave is expected to commence and the anticipated length of the leave.  The library requests should an employee give as much notice as practicable so that operations can be met.
> 13. ...if it is discovered that a leave of absence granted for a specific purpose is not being used for that purpose, the library may cancel the leave and the direct the employee to report to work.

47. After November 24, 2014, McMILLION sent GORDON another letter regarding insurance premiums.

48. On December 23, 2014, prior to the end of the 12 week entitlement period, Morrow sent GORDON a letter informing him he was terminated.  Again, there is no mention of prior write ups or suspension. Morrow continued to indicate GORDON did not follow procedure, yet the employer never provided GORDON with any of the pertinent notices or any documentation regarding procedures.

49. In addition to the foregoing, GORDON's mother was disabled.  He needed to care for her.  The employer was aware of this and terminated him because of his care of his disabled mother.

50. Further, the employer replaced older employees, including GORDON's with younger employees. When GORDON complained about the employer's treatment and response to his leaves to care for his mother, he was terminated.

## COUNT I - FMLA INTERFERENCE

51. Plaintiff hereby incorporates paragraphs 1-50 of this Complaint as if fully incorporated herein.

52. FRIENDS OF THE GARY PUBLIC LIBRARY INC. known as GARY PUBLIC LIBRARY has more than 50 employees, and thus is subject to the mandates of the FMLA.

53. GORDON was eligible for FMLA leave at all relevant times in that he had worked more than 1250 hours in the preceding twelve (12) months.

54. GORDON was qualified for FMLA leave in that he had the need to care for a family member, his Mother, who was seriously ill.

55. Defendant MORROW is individually liable under the FMLA due to her control over GORDON'S leaves, benefits, and termination.

56. Defendant RICHARDSON is individually liable under the FMLA due to his control over GORDON'S leaves, benefits, and termination.

57. Defendant SHEFFIELD is individually liable under the FMLA due to her control over GORDON'S leaves, benefits, and termination.

58. Defendant CANTY-REDUS is individually liable under the FMLA due to her control over GORDON'S leaves, benefits, and termination.

59. Defendant BUGGS is individually liable under the FMLA due to his control over GORDON'S leaves, benefits, and termination.

60. Defendant FELTON is individually liable under the FMLA due to her control over GORDON'S leaves, benefits, and termination.

61. Defendant NALLS is individually liable under the FMLA due to her control over GORDON'S leaves, benefits, and termination.

62. Defendant McMILLION is individually liable under the FMLA due to his control over GORDON'S leaves, benefits, and termination.

63. Defendant GREEN is individually liable under the FMLA due to his control over GORDON'S leaves, benefits, and termination.

64. There is no disciplinary documentation that is fully completed by supervisors nor did any of the purported written reprimands contain evidence of prior disciplinary actions. Furthermore, none of the purported forms claiming disciplinary problems were filled out and signed by supervisors, but for the one purported to be October 28, 2014.

65. Further, FRIENDS OF THE GARY PUBLIC LIBRARY INC. known as GARY PUBLIC LIBRARY (hereinafter "LIBRARY") and Defendant, BOARD OF TRUSTEES OF FRIENDS OF THE GARY PUBLIC LIBRARY INC. (hereinafter "BOARD") are responsible for the actions of board members and/or employees.

66. Defendants interfered with Plaintiff's FMLA rights in various was including but not limited to:

- not providing proper notices and designations;
- not properly advising him of GORDON rights;
- retroactively denying FMLA leave;
- requiring advanced notice where not necessary or practical;
- placing requirements on GORDON not required by FMLA;

- not granting leave (retroactively);

- writing GORDON up after he exercised his FMLA rights;

- terminating GORDON.

67. Defendants actions were not in good faith and they did not take proactive steps to comply with FMLA.

WHEREFORE, Plaintiff seeks judgment against the Defendants FRIENDS OF THE GARY PUBLIC LIBRARY INC. known as GARY PUBLIC LIBRARY (hereinafter "LIBRARY"), BOARD OF TRUSTEES OF FRIENDS OF THE GARY PUBLIC LIBRARY INC. (hereinafter "BOARD"), DIANA MORROW (hereinafter "MORROW"), OTIS RICHARDSON (hereinafter "RICHARDSON"), SADIE SHEFFIELD (hereinafter "SHEFFIELD"), MARYANN CANTY-REEDUS (hereinafter "CANTY-REEDUS"), TYRELL ANDERSON (hereinafter "ANDERSON"), ROBERT BUGGS (hereinafter "BUGGS"), MARY FELTON (hereinafter "FELTON"), PAULA NALLS (hereinafter "NALLS"), FREDDIE McMILLION (hereinafter "McMILLION"), SYLVESTER GREEN (hereinafter "GREEN"), Unknown Supervisors and Unknown Board Members in an amount that is fair and reasonable in the premises, plus costs of this action, liquidated damages per statute, attorneys fees, and all other just and proper relief.

## COUNT II - FMLA Retaliation

68. Plaintiff hereby incorporates paragraphs 1-67 of this Complaint as if fully incorporated herein.

WHEREFORE, Plaintiff seeks judgment against the Defendants FRIENDS OF THE GARY PUBLIC LIBRARY INC. known as GARY PUBLIC LIBRARY (hereinafter "LIBRARY"), BOARD OF TRUSTEES OF FRIENDS OF THE GARY PUBLIC LIBRARY INC. (hereinafter "BOARD"), DIANA MORROW (hereinafter "MORROW"), OTIS RICHARDSON (hereinafter

"RICHARDSON"), SADIE SHEFFIELD (hereinafter "SHEFFIELD"), MARYANN CANTY-REEDUS (hereinafter "CANTY-REEDUS"), TYRELL ANDERSON (hereinafter "ANDERSON"), ROBERT BUGGS (hereinafter "BUGGS"), MARY FELTON (hereinafter "FELTON"), PAULA NALLS (hereinafter "NALLS"), FREDDIE McMILLION (hereinafter "McMILLION"), SYLVESTER GREEN (hereinafter "GREEN"), Unknown Supervisors and Unknown Board Members in an amount that is fair and reasonable in the premises, plus costs of this action, liquidated damages per statute, attorneys fees, and all other just and proper relief

## COUNT III–VIOLATIONS OF THE ADA/ADAAA

69. Plaintiff hereby incorporates paragraphs 1-68 of this Complaint as if fully incorporated herein.

70. GORDON was associated with a disabled individual by virtue of the fact that his mother was gravely ill. GORDON was associated with a disabled individual pursuant to the ADA and ADAAA in that his Mother's condition substantially limited life activities and functions.

71. GORDON was discriminated against for taking a leave associated with his Mother's disability or perceived disability.

72. GORDON was unlawfully discriminated against on the basis of his Mother's disability or perceived disability in the terms and conditions of his employment by (among other things):

- being subjected to higher levels of managerial scrutiny than similarly situated, non-disabled employees;

- subjecting plaintiff to a higher level of disciplinary scrutiny than similarly situated employees not affiliated with a disabled individual;

- terminating Plaintiff's employment on the basis of the foregoing.

73. GORDON was discriminated against and treated unequally in violation of the Americans with Disabilities Act of 1990 (and ADAAA).

WHEREFORE, Plaintiff seeks judgment against the Defendants FRIENDS OF THE GARY PUBLIC LIBRARY INC. known as GARY PUBLIC LIBRARY (hereinafter "LIBRARY"), BOARD OF TRUSTEES OF FRIENDS OF THE GARY PUBLIC LIBRARY INC. (hereinafter "BOARD"), DIANA MORROW (hereinafter "MORROW"), OTIS RICHARDSON (hereinafter "RICHARDSON"), SADIE SHEFFIELD (hereinafter "SHEFFIELD"), MARYANN CANTY-REEDUS (hereinafter "CANTY-REEDUS"), TYRELL ANDERSON (hereinafter "ANDERSON"), ROBERT BUGGS (hereinafter "BUGGS"), MARY FELTON (hereinafter "FELTON"), PAULA NALLS (hereinafter "NALLS"), FREDDIE McMILLION (hereinafter "McMILLION"), SYLVESTER GREEN (hereinafter "GREEN"), Unknown Supervisors and Unknown Board Members an amount that is fair and reasonable in the premises, plus costs of this action, punitive or liquidated damages per statute, attorneys fees, and all other just and proper relief.

## COUNT IV- VIOLATIONS OF ADEA

74. Plaintiff hereby incorporates paragraphs 1-73 of this Complaint as if fully incorporated herein.

75. GORDON is over the age of forty (40) and thus protected pursuant to the ADEA.

76. Other employees, under 40, were treated more favorably than GORDON in terms and conditions of employment.

77. Others, similarly situated younger employees, replaced GORDON.

78. GORDON was discriminated against based on his age in violation of the ADEA.

WHEREFORE, Plaintiff seeks judgment against the Defendants FRIENDS OF THE GARY PUBLIC LIBRARY INC. known as GARY PUBLIC LIBRARY (hereinafter "LIBRARY"),

BOARD OF TRUSTEES OF FRIENDS OF THE GARY PUBLIC LIBRARY INC. (hereinafter "BOARD"),  DIANA MORROW (hereinafter "MORROW"), OTIS RICHARDSON (hereinafter "RICHARDSON"), SADIE SHEFFIELD  (hereinafter "SHEFFIELD"), MARYANN CANTY-REEDUS (hereinafter "CANTY-REEDUS"), TYRELL ANDERSON (hereinafter "ANDERSON"), ROBERT  BUGGS (hereinafter "BUGGS"), MARY FELTON (hereinafter "FELTON"), PAULA NALLS  (hereinafter  "NALLS"),  FREDDIE  McMILLION  (hereinafter  "McMILLION"), SYLVESTER  GREEN  (hereinafter  "GREEN"),  Unknown  Supervisors  and  Unknown  Board Members in an amount that is fair and reasonable in the premises, plus costs of this action, punitive or liquidated damages per statute, attorneys fees, and all other just and proper relief.

/s/ Robin G. Remley
Robin G. Remley
robin@remleylaw.attys.pro
Attorney for Plaintiff Perry Gordon
Law Office of Robin Remley LLC
270 N. Main Street, Suite A
Crown Point, IN 46307
(219) 961-5415 / Facsimile: (866) 922-3497

## JURY DEMAND

Plaintiff, by counsel, demands trial by jury.

Respectfully submitted,

/s/ Robin G. Remley
Robin G. Remley
robin@remleylaw.attys.pro
Attorney for Plaintiff Perry Gordon
Law Office of Robin Remley LLC
270 N. Main Street, Suite A
Crown Point, IN 46307
(219) 961-5415 / Facsimile: (866) 922-3497

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 27, 2016, I filed the foregoing PLAINTIFF'S COMPLAINT with the Clerk of the Court, and that all parties will be served via certified mail.

/s/ Robin G. Remley