UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| PERRY GORDON, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 2:16-CV-35-JD-JEM |
| | ) | |
| FRIENDS OF THE PUBLIC | ) | |
| LIBRARY, INC., *et al.*, | ) | |
|     Defendant. | ) | |

**FINDINGS, REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE PURSUANT TO
28 U.S.C. § 636(b)(1)(B) & (C)**

This matter is before the Court on Defendants' Motion to Dismiss [DE 19], filed by Defendants on June 15, 2016. On July 29, 2016, Plaintiff filed a response.

On October 11, 2016, District Judge Jon E. DeGuilio entered an Order referring Defendants' Motion to Dismiss to the undersigned Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). This Report constitutes the undersigned Magistrate Judge's proposed findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C) on the Motion to Dismiss.

For the following reasons, the Court recommends that Judge DeGuilio **GRANT in part and DENY in part** Defendants' Motion to Dismiss [DE 19].

**I.   Background**

On January 27, 2016, Plaintiff filed a Complaint asserting claims against "Friends of the Gary Public Library, Inc. known as Gary Public Library," the Board of Trustees of Friends of the Gary Public Library, Diana Morrow, Otis Richardson, Sadie Sheffield, Maryann Canty-Reedus, Tyrell Anderson, Robert Buggs, Mary Felton, Paula Nalls, Freddie McMillion, Sylvester Green, and "Unknown Supervisors and Unknown Board Members" alleging violations of the Family and

Medical Leave Act, the Americans with Disabilities Act, and the Age Discrimination in Employment Act.

As an initial matter, there is some inconsistency regarding which entities joined the instant Motion to Dismiss. It was docketed by Defendant Board of Trustees of Friends of the Gary Public Library, but the title of the motion refers to "Defendants" and the text of the Motion says it is made is made on behalf of "Gary Public Library." Pl. Br. at 1 [DE 19]. Furthermore, the attorney who filed the Motion, Attorney Kelly White Gibson, did so without formally entering her appearance on behalf of any party.

On January 11, 2017, the Court ordered Attorney Gibson to clarify which party or parties she represents by filing a notice of appearance. On January 16, 2017, Attorney Gibson entered her appearance on behalf of all Defendants in this case. Given the inconsistencies in the way the parties are named in the Motion to Dismiss, the Court will address the arguments within the Motion as they relate to all Defendants represented by Attorney Gibson, the filing attorney.

## II. Standard of Review

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint and not the merits of the suit. *See Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on such a motion, the Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1082 (7th Cir. 2008).

To survive a 12(b)(6) motion to dismiss for failure to state a claim, the complaint must first comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the

2

pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The complaint must also "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570); *see also Tamayo*, 526 F.3d at 1082.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(5) challenges whether a defendant received sufficient service of process. To properly serve a defendant, a plaintiff must deliver a summons along with a copy of the complaint. Fed. R. Civ. P. 4(c). "If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant and ordered that service be made within a specified time." Fed. R. Civ. P. 4(m).

**III.  Analysis**

In the instant Motion, Defendants argue that Plaintiff's claims should be dismissed for insufficient service under Rule 12(b)(5) and failure to state a claim under Rule 12(b)(6). Specifically, Defendants assert that Friends of the Gary Public Library and the Gary Public Library are separate entities and that Friends of the Gary Public Library "is in no way part of the [Gary Public Library] and has nothing to do with" its operation. Def. Brief at 2 [DE 19]. Because Plaintiff pleaded claims against and served only Friends of the Gary Public Library and not the Gary Public Library, Defendants argue that the Court should dismiss this entire case.

A.  <u>Agreed Dismissal</u>

In response to Defendants' Motion, Plaintiff requests that the Court dismiss Plaintiff's claims

against Defendants Board of Trustees of Friends of the Gary Public Library and Friends of the Gary Public Library. An "action may be dismissed at the plaintiff's request only by court order on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Accordingly, the Court recommends that Judge DeGuilio dismiss Plaintiff's claims against Defendants Board of Trustees of Friends of the Gary Public Library and Friends of the Gary Public Library with prejudice.

Plaintiff also requests that individual defendants who are members of Friends of the Gary Public Library's board be dismissed without prejudice until Plaintiff can determine whether they are also on the board of the Gary Public Library. *See* Fed. R. Civ. P. 41(a)(2). *See U.S. ex rel Blaum v. Triad Isotopes, Inc.*, 104 F. Supp. 3d 901, 920 fn. 14 (N.D. Ill. 2015) (dismissing certain defendants without prejudice in case "discovery reveal[ed] a basis for liability" against those defendants). Accordingly, the Court recommends that Judge DeGuilio dismiss Otis Richardson, Sadie Sheffield, Maryann Canty-Reedus, Tyrell Anderson, Robert Buggs, Mary Felton, and Paula Nall as party defendants.

### B. Freddie McMillion, Sylvester Green & Diana Morrow

Plaintiff contends that Freddie McMillion, Sylvester Green, and Diana Morrow,[1] who were Plaintiff's supervisors at the library, should remain as defendants because each were "individually involved in decision making with respect to FMLA granting, denial, and Plaintiff's related termination." Pl. Br. at 3 [DE 22].

Plaintiff sued these three defendants in their individual capacities as Plaintiff's supervisors at the Gary Public Library. Defendants' Motion to Dismiss provides no reason why these three

---

[1] Plaintiff's Complaint asserts claims against "Diana Morrow," while, Plaintiff's Response to Defendants' Motion to Dismiss refers to "Diane Morrow." The Court refers to "Diana Morrow" since that is the named Defendant on the docket.

4

defendants should be dismissed. Defendants contend only that Gary Public Library, not these individual supervisors, was improperly served. Furthermore, Defendants do not argue that the Complaint failed to include a "short and plain statement of the claim showing that the pleader is entitled to relief" or that there is insufficient factual matter to state a claim for relief against the supervisors. Fed. R. Civ. P. 8(a)(2); *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678.

Because Defendants failed to meet their substantial burden as the moving party, the Court recommends that Judge DeGuilio deny Defendants' Motion to Dismiss to the extent it seeks to dismiss Plaintiff's claims against Defendants Freddie McMillion, Sylvester Green, and Diana Morrow. *See Reece v. Prairie Grove*, 1989 U.S. Dist. LEXIS 5794, at * 13 (N.D. Ill. Apr. 7, 1989) ("As in any motion to dismiss, the burden upon the moving party is substantial.").

C. Gary Public Library

Defendants argue that Plaintiff's claims against "Gary Public Library" should be dismissed for insufficient services of process under Rule 12(b)(5) and for failure to state a claim under Rule 12(b)(6). The Motion to Dismiss reads, "Comes now, The Gary Public Library . . . by counsel Kelly White Gibson and moves the Court to dismiss Plaintiff's Complaint." Def. Br. at 1 [DE 19]. However, "Gary Public Library" is not a party to this case. Although Plaintiff's Complaint asserts claims against "Friends of the Gary Public Library, Inc. known as Gary Public Library" and Attorney Gibson entered her appearance on behalf of "Friends of the Gary Public Library, Inc. known as Gary Public Library," Plaintiff and Defendants agree that Friends of the Gary Public Library and the Gary Public Library are separate entities. Plaintiff apparently used the term "Gary Public Library" in the Complaint only as a stand-in for Friends of the Gary Public Library. In fact, each and every time the term "Gary Public Library" is used in the Complaint, it is used in the phrase

5

"Friends of the Gary Public Library Inc. known as Gary Public Library."

It appears that Plaintiff has not sued Gary Public Library in the instant lawsuit. Plaintiff has not named Gary Public Library as a distinct defendant nor summoned Gary Public Library to court. The defenses of failure to state a claim and insufficient process are only available to actual parties. *See* Fed. R. Civ. P. 12(b) ("[A] *party* may assert the following defenses by motion . . . insufficient services of process . . . [and] . . . failure to state a claim upon which relief can be granted.") (emphasis added). Therefore, dismissal of Gary Public Library is inapposite, since it is not a party to the case.

Accordingly, the Court recommends that Judge DeGuilio deny as moot Defendant's request that Plaintiff's claims against "Gary Public Library" be dismissed. If Plaintiff wishes to assert claims against Gary Public Library, Plaintiff must amend the Complaint, consistent with the applicable federal and local rules, to clearly include Gary Public Library as a Defendant or Plaintiff must rely on the joinder rules, below.

    C.    <u>Joinder</u>

To the extent Defendants intend to argue that this entire case should be dismissed because a necessary party was not joined, the Court notes that this issue has not been fully briefed. Plaintiff alleges that the remaining named defendants were Plaintiff's supervisors at the Gary Public Library. Because Plaintiff pleads violations of the Family and Medical Leave Act, the Americans with Disabilities Act, and the Age Discrimination in Employment Act, it appears that Gary Public Library, as Plaintiff's employer, may be a necessary party to this litigation. *See* Fed. R. Civ. P. 19. However, the parties have not yet briefed whether joinder of Gary Public Library would be mandatory, permissive, or feasible. *See* Fed. R. Civ. P. 19, 20.

6

**IV. Conclusion**

For the foregoing reasons, the Court **RECOMMENDS that Judge DeGuilio GRANT in part and DENY in party** Defendants' Motion to Dismiss [DE 19] as follows:

(1) **DISMISS** Defendants Friends of the Gary Public Library, Inc., and Board of Trustees of Friends of the Gary Public Library, Inc., with prejudice;

(2) **DISMISS** Defendants Otis Richardson, Sadie Sheffield, Maryann Canty-Reedus, Tyrell Anderson, Robert Buggs, Mary Felton, and Paula Nalls without prejudice;

(3) **DENY** Defendants' request, to the extent it was made in the Motion to Dismiss, that the Court dismiss Plaintiff's claims against Freddie McMillion, Sylvester Green, and Diana Morrow; and

(4) **DENY as moot** Defendants' request that Plaintiff's claims against "Gary Public Library" be dismissed.

This Report and Recommendation is submitted pursuant to 28 U.S.C. § 636(b)(1)(C). Pursuant to 28 U.S.C. § 636(b)(1), the parties shall have fourteen (14) days after being served with a copy of this Recommendation to file written objections thereto with the Clerk of Court. The failure to file a timely objection will result in waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *Willis v. Caterpillar, Inc.*, 199 F.3d 902, 904 (7th Cir. 1999); *Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir. 1994); *The Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260-261 (7th Cir. 1989); *Lebovitz v. Miller*, 856 F.2d 902, 905 n.2 (7th

Cir. 1988).

So ORDERED this 25th day of January, 2017.

s/ John E. Martin  
MAGISTRATE JUDGE JOHN E. MARTIN  
UNITED STATES DISTRICT COURT

cc: All counsel of record