UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| PERRY GORDON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:16-CV-035 JD |
| | ) |
| FRIENDS OF THE GARY PUBLIC | ) |
| LIBRARY INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |

ORDER

In this case, Plaintiff Perry Gordon brings employment claims against the "Friends of the Gary Public Library Inc. known as Gary Public Library," the "Board of Trustees of Friends of the Gary Public Library Inc." (the Board), each member of that Board individually (the Board Members) and Diana Morrow, Sylvester Green and Freddie McMillion. [DE 1]. Now before the Court is the Defendants' motion to dismiss. [DE 19]. The Defendants argue that the Plaintiff has confused the Friends of the Gary Public Library, a volunteer organization separate from the library, with the Gary Public Library (the Library). They say the former entity should be dismissed since it played no part in the personnel decisions at issue in this suit. Moreover, they argue that the Library should also be dismissed because the Plaintiff has not properly served it. The Plaintiff responded by acknowledging his mistake and agreeing to dismiss Friends of the Gary Public Library, the Board and the Board Members. [DE 22]. However, he argues that the Library, Morrow, Green and McMillion remain proper Defendants.

On October 11, 2016, the undersigned referred the Defendants' motion to dismiss to Magistrate Judge John E. Martin for a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b) and Northern District of Indiana Local Rule

72.1(c). [DE 23]. On January 25, 2017, Magistrate Judge Martin issued his Report and Recommendation. [DE 26]. He concluded that the Court should dismiss the Friends of the Gary Public Library, the Board and the Board Members consistent with the parties' agreement. He further found the Defendants' motion to dismiss the Library to be moot, since the Plaintiff's operative complaint does not name the Library as a Defendant. Finally, he determined that Morrow, Green and McMillion should not be dismissed, because the Defendants offered no grounds for dismissing them. [DE 26].

The Court's review of a Magistrate Judge's report and recommendation is governed by 28 U.S.C. § 636(b)(1), which provides in part:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Under Fed. R. Civ. P. 72(b), however, the Court must only make a *de novo* determination of those portions of the Magistrate Judge's report and recommendation to which specific written objection has been made. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); Fed. R. Civ. P. 72(b). If no objection or only a partial objection is made, the Court reviews those unobjected portions for clear error. *Id.* Under the clear error standard, the Court can only overturn a magistrate judge's ruling if the Court is left with "the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997).

The Defendants objected to Magistrate Judge Martin's report and recommendation on February 8, 2017. [DE 28]. They contest his recommendation to not dismiss Morrow, Green

and McMillion. They say it is incorrect, because those Defendants cannot be subject to individual liability for the Plaintiff's claims. Rather, only their employer, the Gary Public Library, can be liable. Additionally, the Defendants argue that the Plaintiff has not properly served Morrow, Green or McMillion, because he served them through an agent of Friends of the Gary Public Library, not the Library.

After conducting a *de novo* review of the Magistrate Judge's recommendation to not dismiss Morrow, Green and McMillion, the Court believes that recommendation to be well founded. The Defendants' motion to dismiss argued only that Friends of the Gary Public Library was not a proper defendant and that the Library was not properly served. It did not mention Morrow, McMillion or Green, or explain why they should be dismissed. The Magistrate Judge thus appropriately concluded that there was no justification for dismissing them. *See Yeksigian v. Nappi*, 900 F.2d 101, 104 (7th Cir. 1990) ("The defendants have the burden on a motion to dismiss to establish the legal insufficiency of the complaint"); *Miller v. Deutsche Bank Nat. Trust*, No. 1:10-CV-2, 2010 WL 1686283, at *1 (N.D. Ind. Apr. 20, 2010) ("*Once a defendant has challenged the sufficiency of service of process* with a motion to dismiss under Fed. R. Civ. P. 12(b)(5), the burden is upon the plaintiff to make a prima facie showing that there was proper service") (emphasis added). Further, while the Defendants now assert that Morrow, Green and McMillion are not proper defendants in their individual capacities and were not properly served, the defense did not raise those arguments in its motion to dismiss. It thus waived them. *See Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 571 (7th Cir. 2012) (finding waiver where an argument was not raised in the opening brief in support of a motion to dismiss).

Even if the Defendants had not waived those arguments, it is unlikely that they would

3

have prevailed.  While the Defendants challenge the Plaintiff's ability to sue Morrow, Green and McMillion individually, courts have generally held individuals to be suitable defendants at least as to the Plaintiff's FMLA claims.  *See, e.g.*, *Rasic v. City of Northlake*, 563 F. Supp. 2d 885, 889 (N.D. Ill. 2008).  Also, while it appears the Plaintiff did not correctly serve Morrow, Green and McMillion, that seems to have been a consequence of his confusing the Friends of the Gary Public Library with the Library.  He has since issued corrected summonses.  [DE 31].  While they are untimely, this mixup provides good cause for extending the deadline for service.  *See* Fed. R. Civ. P. 4(m) (providing ninety days from the filing of a complaint to serve defendants, but stating that if the plaintiff shows good cause, "the court must extend the time for service for an appropriate period").

That leaves only the uncontested portions of the Magistrate Judge's report and recommendation.  Here, the Court finds no clear error.  In light of the parties' agreement, it is clearly appropriate to dismiss the Friends of the Gary Library, the Board and the Board Members.  *See* Fed. R. Civ. P. 41(a)(2).  Further, the Plaintiff's operative complaint does not appear to bring claims against the Library, so the Magistrate Judge appropriately concluded that the motion to dismiss the claims against it was moot.

Accordingly, the Court **ADOPTS** Magistrate Judge Martin's Report and Recommendation [DE 26] in its entirety and incorporates that Report and Recommendation into this order.  The Court **GRANTS** the Defendants' motion to dismiss in part and **DISMISSES** the Friends of the Gary Public Library Inc. and the Board of Trustees of Friends of the Gary Public Library Inc. with prejudice.  It **DISMISSES** the Board Members (Otis Richardson, Sadie Sheffield, Maryann Canty-Reedus, Tyrell Anderson, Robert Buggs, Mary Felton and Paula

4

Nalls) without prejudice.  It **DENIES** the Defendants' request to dismiss Freddie McMillion, Sylvester Green and Diana Morrow.  It **DENIES** as moot the Defendants' request to dismiss the Gary Public Library.  It **EXTENDS** the deadline to serve the Gary Public Library, Freddie McMillion, Sylvester Green and Diana Morrow to May 15, 2017.

Finally, the Court notes that the Plaintiff has filed two amended complaints, but did not seek leave to file either of them.  [DE 29, 30].  He was required to obtain leave, as more than twenty-one days have passed since the Defendants filed a motion to dismiss.  *See* Fed R. Civ. P. 15.  As such, the Court **STRIKES** both of those complaints.  If the Plaintiff wishes to file an amended complaint, he may request leave to do so.

SO ORDERED.

ENTERED: March 20, 2017

       /s/ JON E. DEGUILIO
Judge
United States District Court